IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GABRIEL DESMOND YANKEY, JR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 6:22-cv-1031-KHV-KGG |
| ) | |
| EIGHTEENTH JUDICAL DISTRICT ) | |
| COURT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM & ORDER ON MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES AND REPORT & RECOMMENDATION FOR DISMISSAL**

In conjunction with his federal court Complaint (ECF No. 1), Plaintiff Gabriel Desmond Yankey, Jr. has also filed an Application to Proceed Without Prepayment of Fees ("*In Forma Pauperis* application," ECF No. 3, sealed) with a supporting financial affidavit (ECF No. 3-1). After review of Plaintiff's motion, as well as the Complaint, the Court **GRANTS** the *In Forma Pauperis* application (ECF No. 3) and **RECOMMENDS** Plaintiff's claims be **dismissed** for failure to state a viable federal cause of action.

**A. Motion to Proceed IFP.**

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, *etc.*, by a person who lacks financial means. 28 U.S.C. § 1915(a). "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right—fundamental or otherwise.'" *Barnett v. Nw. Sch.*, No. 00-2499-KHV, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting *White v. Colorado*, 157 F.3d 1226, 1233

1

(10th Cir. 1998)). The decision to grant or deny *in forma pauperis* status lies within the sound discretion of the court. *Scherer v. Kansas*, 263 F. App'x 667, 669 (10th Cir. 2008).

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See Kay v. Bemis*, 500 F.3d 1214, 1217–18 (10th Cir. 2007). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. *See Patillo v. N. Am. Van Lines, Inc.*, No. 02-cv-2162, 2002 WL 1162684, at *1 (D. Kan. Apr. 15, 2002); *Webb v. Cessna Aircraft*, No. 00-2229-JWL, 2000 WL 1025575, at *1 (D. Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In the supporting financial affidavit, Plaintiff indicates he is 35 and single. (ECF No. 3-1, sealed, at 1). Plaintiff is currently unemployed and owns no real property. (*Id.*, at 3). However, he owns an automobile with modest value. (*Id.*, at 4.) He lists only a minimal amount of cash on hand with no indication of regular monthly income. (*See generally* ECF No. 3-1). Additionally, Plaintiff lists typical monthly expenses, including groceries, utilities, and automobile insurance. (*Id.*, at 5). He also lists child support obligations. (*Id.*).

Considering the information contained in his financial affidavit, the Court finds that Plaintiff has established that his access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs. The Court thus **GRANTS** Plaintiff leave to proceed *in forma pauperis*. (ECF No. 3, sealed).

**B. Sufficiency of Complaint and Recommendation for Dismissal.**

Pursuant to 28 U.S.C. § 1915(e)(2), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "When a plaintiff is proceeding *in forma pauperis*, a court has a duty to review the complaint to ensure a proper balance between these competing interests." *Mitchell v. Deseret Health Care Facility*, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013). The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." *Harris v. Campbell*, 804 F. Supp. 153, 155 (D. Kan. 1992) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *Kay*, 500 F.3d at 1217–18. In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006). The Court will also liberally construe the pleadings of a *pro se* plaintiff. *Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991).

This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff. *Hall*, 935 F.2d at 1110. *See also Garcia Dominguez v. Mahaffey*, 17 F. App'x 827, 828 (10th Cir. 2001) ("Although we construe [plaintiff's] complaint liberally because he is proceeding *pro se*, we will not act as his advocate."). Liberally construing a *pro se* plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), *and Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible—rather than merely conceivable—on its face." *Fisher*, 531 F. Supp. 2d at 1260 (citing *Twombly*, 550 U.S. at 570). Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." *Bemis*, 500 F.3d at 1218 (citing *Twombly*, 550 U.S. at 555).

While a complaint generally need not plead detailed facts, *see* Fed. R. Civ. P. 8(a), it must give the defendant sufficient notice of the claims asserted by the plaintiff so that

4

they can provide an appropriate answer. *Monroe v. Owens*, 38 F. App'x 510, 515 (10th Cir. 2002). Rule 8(a) requires three minimal pieces of information in order to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a). After reviewing Plaintiff's Complaint (ECF No. 1) and construing the allegations liberally, if the Court finds that he has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

Plaintiff alleges violations of his civil rights by various individuals he has interacted with in a separate court proceeding. (Complaint, ECF No. 1). Plaintiff's *pro se* Complaint does not provide any specific details as to how these alleged violations occurred. (*See generally* ECF No. 1). While most of the allegations are unclear, it appears Plaintiff takes particular objection to how a separate court case was handled. (*Id.*). He provided emails which indicated he would have to pay $577.50 for a court transcript which contained 165 pages of a previous proceeding. (ECF No. 1, at 9). Plaintiff's emails suggest he was very upset with the cost of the transcript and emailed the court reporter several times in frustration. (*Id.*, at 9–12). It appears the state court judge scheduled a same day court appearance which may be connected to the repeated emails to the court reporter. (ECF No. 1, at 11). He also provided documentation that he was required to show up to the court date or a warrant would be issued for his arrest, which Plaintiff alleges is a violation of his rights. (*Id.*).

He is also upset that another Judge was involved in the case. In his complaint, he notes that Judge Tyler Roush "volunteered himself" to the case, suggesting there was some ulterior motive in his involvement. (ECF No. 1, at 11). Plaintiff also suggests that the public defenders who were representing him in the matter were also involved in a conspiracy to violate his civil rights. (ECF No. 1, at 13). In sum, it appears that Plaintiff is upset with the disposition of separate state court proceeding and alleges that those involved in the matter are responsible for several federal violations. Unfortunately for Plaintiff, this factual context does not appear to amount to a federal cause of action.

As such, the Court finds that Plaintiff has failed to state a claim for which relief can be granted under the facts alleged. Plaintiff has not specified how his rights have been violated and the Court cannot discern a viable claim against Defendants based on the facts alleged (and contained in the attachments to his Complaint). The undersigned Magistrate Judge thus **recommends** to the District Court that Plaintiff's claims be **DISMISSED** in their entirety.

IT IS THEREFORE ORDERED that Plaintiff's motion for IFP status (ECF No. 3) is **GRANTED**.

IT IS RECOMMENDED to the District Court that Plaintiff's Complaint be DISMISSED for the failure to state a claim on which relief may be granted. The Clerk's office shall not proceed to issue summons in this case.

IT IS THEREFORE ORDERED that a copy of the recommendation shall be sent to Plaintiff via certified mail. Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and D.

Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO ORDERED AND RECOMMENDED**.

Dated at Wichita, Kansas, on this 4th day of February 2022.

/S KENNETH G. GALE
Kenneth G. Gale
United States Magistrate Judge